NELSON v GODDARD

1. ZONING—ORDINANCES—ACCESSORY USE—GARAGE.

    The trial court's ruling that a garage is a principle structure under a county zoning ordinance because it is twice the size of the residence on the same lot is error where the ordinance clearly defines a garage as a permitted accessory use without reference to dimensions.

Appeal from Cheboygan, Edward H. Fenlon, J. Submitted Division 3 November 8, 1972, at Grand Rapids. (Docket No. 10470.) Decided November 27, 1972.

Complaint by Rockwell Nelson and Shirley Nelson against Fred Goddard and Hilde E. Goddard to enjoin construction of a building on defendants' property. Judgment for plaintiffs. Defendants appeal. Reversed.

*Francis E. Lindsay,* for plaintiffs.

*Clark, Stroup, Brown & MacKenzie,* for defendants.

Before: R. B. BURNS, P. J., and HOLBROOK and DANHOF, JJ.

R. B. BURNS, P. J. Plaintiffs and defendants own adjoining parcels of land in Cheboygan County, Michigan. Each couple occupies a residence on their parcel. In July, 1968, defendants began construction of a combination garage-carport adjacent

REFERENCE FOR POINTS IN HEADNOTE
[1] 58 Am Jur, Zoning § 46.

to their residence. Immediately, plaintiffs filed suit to enjoin the construction, alleging that the garage was in violation of the front and side setback restrictions imposed by the Cheboygan County Interim (Short-Term) Zoning Ordinance (hereinafter the Interim Ordinance). Defendants concede that the garage is situated 1 foot from plaintiffs' property and 14 feet from the front boundary of defendants' property. The side and front setback restrictions of the interim ordinance are 8 and 25 feet, respectively.

A preliminary injunction was granted. After a one-day trial and a view of the premises by the trial judge, the injunction was made permanent.

Defendants claim four grounds for error on appeal. We will discuss only one of the grounds assigned as error.

It is our opinion that defendants' garage does not violate the Interim Ordinance. Therefore, we need not decide whether the Interim Ordinance was adopted in full compliance with the County Rural Zoning Enabling Act. We will assume it to be valid.

Defendants' lot was zoned residential (R–1).

Article II, § 2.2(D) of the Interim Ordinance provides the following setback restrictions on structures in residential districts:

"Minimum yard depth for principal structure:
Front:          25 feet
Side:            8 feet
Rear:           25 feet."

Article II, § 2.2(8)(1) defines the following as a "permitted accessory" use:

"Storage for automobiles owned and used by a person(s) residing on the premises, not including more than one commercial vehicle per lot."

A garage is the most common form of storage for private automobiles. *Woods v Kiersky,* 14 SW2d 825, 828 (Tex Comm App, 1929); *State ex rel Szodomka v Gruber,* 201 La 1068, 1079; 10 So 2d 899, 902 (1942); *Building Inspector of Falmouth v Gingrass,* 338 Mass 274, 275; 154 NE2d 896, 897 (1959). Plaintiffs alleged and proved only that defendants were constructing a "garage". Plaintiffs did not allege or prove that the structure being built by defendants was intended as anything other than "storage for automobiles owned and used by a person(s) residing on the premises". Accordingly, plaintiffs have established only that defendants constructed an "accessory" structure. The setback restrictions imposed by the Interim Ordinance are applicable only to "principal structure[s]".

The trial court ruled that the garage was the "principal structure" on defendants' lot because it was twice the size of the residence on the same lot. To affirm, we would have to ignore the Interim Ordinance's clear definition of a garage as an accessory use without reference to dimensions.

Reversed. Costs to defendants.

All concurred.