VILLAGE OF MACKINAW CITY v UNION TERMINAL PIERS, INC

Docket No. 46153. Submitted June 11, 1980, at Grand Rapids.—Decided January 21, 1981.

   The Village of Mackinaw City brought an action in the Cheboygan Circuit Court to enjoin Union Terminal Piers, Inc., and its subsidiary, Arnold Transit Company, from using their property for the sale of ferry boat tickets. The property in question was situated in a district designated as a B-3 business district under the village zoning ordinance. Permitted uses in B-3 business districts included "general office" and "retail business" uses. The ordinance failed to define either of these terms. The court, Joseph P. Swallow, J., granted summary judgment for plaintiff. Defendants appeal. *Held:*

   Where doubt exists as to the intention of the legislative body, the language of a zoning ordinance must be interpreted, for purposes of determining the extent of a restriction upon the use of property, in favor of the property owner. The term "office" must be interpreted broadly for the purpose of the ordinance to include the use of defendants' property for the conduct or transaction of their business.

   Reversed.

1. ZONING — PERMISSIBLE USES — IMPLIED PERMISSIBLE USES.

   An implication arises that ferry boat ticket sales is a permissible use of property in zoning districts of a village where not expressly prohibited or otherwise prohibited and where the village zoning ordinance expressly restricts such sales in other districts.

2. ZONING — INTERPRETATION OF ORDINANCES — RESTRICTIONS.

   The language of a zoning ordinance must be interpreted, for purposes of determining the extent of a restriction upon the use of property, in favor of the property owner where doubt exists as to the intention of the legislative body.

*John P. Ternes,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 82 Am Jur 2d, Zoning and Planning §§ 67, 68.

*Stroup & Brown, P.C.,* for defendants.

Before: R. B. BURNS, P.J., and D. F. WALSH and G. R. McDONALD,* JJ.

G. R. McDONALD, J. Defendants appeal as of right from a summary judgment entered by the Cheboygan County Circuit Court enjoining defendants from using their property for the sale of ferry boat tickets.

Defendant Arnold Transit Company is the wholly-owned subsidiary of defendant Union Terminal Piers, Inc., and operates one of three ferry lines running between the Village of Mackinaw City and Mackinac Island. Union Terminal Piers owns property within the central business district of Mackinaw City from which Arnold Transit Company sells ferry tickets.

Plaintiff Mackinaw City's zoning ordinance, in effect since August 25, 1966, divides the village into 12 use districts. Defendants' ticket office is located on Central Avenue, in an area classified as a "B-3" business district. Plaintiff's zoning ordinance provides in pertinent part:

"Article 11 'B-3' Business District

"Sec. 11.1 *USES PERMITTED.* in the 'B-3' Business District, no building or premises shall be used and no building shall be hereafter erected or structurally altered except for one or more of the following uses:

"1. Store or shop for the conducting of retail business.

\* \* \*

"3. Bank, theater, office.

\* \* \*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"5. General office or professional office building."[1]

[1] The full text of § 11.1 of plaintiff's zoning ordinance provides:

"Article 11 'B-3' Business District

"Sec. 11.1 *USES PERMITTED.* In the 'B-3' Business District, no building or premises shall be used and no building shall be hereafter erected or structurally altered except for one or more of the following uses:

"1. Store or shop for the conducting of a retail business.

"2. Personal service shop, such as barber shop, beauty shop, etc.

"3. Bank, theater, office.

"4. Restaurant and drive-in restaurant.

"(a) No permit shall be issued to build, occupy or construct a drive-in restaurant on any site where 80 percent of the buildings within a radius of 200 feet of any part of the proposed site are used exclusively for one and two family dwelling purposes, until there is on file in the office of the Building Inspector the written consent of 60 percent of the property owners according to total frontage on any public street within a radius of 200 feet of any part of the premises where said drive-in restaurant is to be occupied or constructed, and not separated therefrom by more than 1 street or 1 alley, and not until the location and plans shall have been submitted to and approved in writing by the Building Inspector of the Village of Mackinaw City.

"(b) All customer parking areas shall be provided with artificial lighting. The minimum lighting at any point in the parking areas shall be one foot candle. Such lighting shall be so arranged as to reflect the light away from any adjoining residential property and in all cases the lighting installation shall be approved in writing by the Building Inspector.

"5. General office or professional office building.

"6. Public assembly building, similar to a theater or an auditorium.

"7. Structure occupied and used by a public utility.

"8. Publicly owned building.

"9. Museum or art gallery.

"10. Hotel or motel.

"11. Any recreational use, including but not limited to a bowling alley, billiard or pool parlor, miniature golf course, etc.

"12. Shop for custom work, *i.e.,* shop for making articles or products to be sold at retail on the premises; provided that the conduct of such business is not objectionable as being odorous, unsightly or noisy.

"13. Motor vehicle sales room.

"14. Used car lot.

"15. Bakery employing not more than 5 persons, exclusive of retail sales personnel.

"16. Dyeing and cleaning works employing not more than 5 persons in the cleaning room, and subject to such provisions as are prescribed by this Ordinance.

"17. Laundry employing not more than 5 persons in the laundry room.

"18. Gasoline filling stations or any public station where oil or fuel of any kind is sold and dispensed for propelling motor vehicles, if:

Defendants' ferry dock is located in an area classified as an "M" manufacturing-industrial district. Passenger ferry operations are permitted in "M" districts. Plaintiff's zoning ordinance was amended on June 19, 1969, to provide:

"Article 14 'M' Manufacturing—Industrial District
"Sec. 14.1 *USES PERMITTED.* In the 'M' Manufacturing—Industrial District, no building or premises shall be used in whole or in part and no building shall hereafter be erected, converted, or structurally altered, except for one or more of the following uses:

\* \* \*

"16. Port and dock facilities, boat repair and storage, ferry operation, except that ferry tickets shall be sold only on the premises actually used for docking ferries, embarking and disembarking passengers."

The ordinance also permits ferry operations in "B-4" business districts and "C" community districts,

"(a) Before a permit is issued to build, occupy or construct a public gasoline, oil or motor fuel filling station, or either of them, to supply motor vehicles on any site where 80 percent of the buildings within a radius of 200 feet of any part of the proposed site are used exclusively for one and two family dwelling purposes there shall be on file in the office of the Building Inspector the written consent of 60 percent of the property owners according to total frontage on any public street within a radius of 200 feet or any part of the premises whereon this gasoline filling station is to be occupied or constructed and not separated therefrom by more than 1 street or 1 alley, and the location and plans shall have been submitted to and approved by the Building Inspector of the Village of Mackinaw City; and

"(b) All pumps and lubricating devices situated outside of a building are located at least 10 feet from any street line or lot line; and

"(c) All wrecked or dismantled vehicles are kept within a building.

"19. Combined retail-wholesale business when conducted entirely within a building, *i.e.,* sale and storage in bulk of clothing, drugs, dry goods, food, furniture, hardware, machinery, metals, paints, paint supplies, pipe, rubber, and shop supplies.

"20. Car washing establishment.

"21. Dental, medical or clinical laboratory.

"22. Bar, tavern.

"23. Living quarters, when attached to a retail store, other than a gasoline filling station. The living quarters may be above or behind the portion of the building used for business."

and limits ticket sales in those districts to premises actually used for docking ferries.

The ticket office was constructed subsequent to the effective dates of the zoning ordinance provisions. When ticket sales actually commenced, plaintiff notified defendants that the sales were in violation of the zoning law. Suit was instituted, culminating in a summary judgment in favor of plaintiff.

Defendants contend on appeal that the ordinance does not actually prohibit ticket sales in a "B-3" district, and that, in any event, such a restriction would violate the due process clause of the constitution since it is not reasonably related to any governmental interest. Because we agree with defendants' interpretation of the ordinance itself, consideration of the constitutional issue is unnecessary.

In his opinion granting the motion for summary judgment, the trial court stated:

"It is the scheme and purpose of Plaintiff's Zoning Ordinance to restrict the operation of ferries to its waterfront area and further to *restrict the sale of ferry tickets, within the village,* to the same premises from which the ferries actually operate." (Emphasis added.)

The zoning ordinance expressly limits ticket sales within B-4, C and M districts to dock areas. No restriction on ticket sales appears in the ordinance sections defining B-3 districts. Therefore, an implication arises that ticket sales are a permissible use of property in districts where not expressly prohibited or otherwise restricted. *Cf. Peacock Twp v Panetta,* 81 Mich App 733, 737; 265 NW2d 810 (1978). The trial court erred in extending the restriction to the entire village.

Plaintiff argues on appeal that the sale of tickets

is precluded in a B-3 district because it is not specifically listed among permissible uses. However, the zoning ordinance clearly permits property for office use and for the conduct of retail business. The ordinance fails to define "office" or restrict retail business to particular types of sales.

" 'In interpreting the language of the ordinance to determine the extent of the restriction upon use of the property, the language must be interpreted, where doubt exists as to the intention of the legislative body, in favor of the property owner.' 8 McQuillin, Municipal Corporations (3d ed), 1974 Cum Supp, § 25.71, p 50." 81 Mich App 733, 736-737.

We therefore interpret "office" in a broad manner for the purposes of this ordinance and to include the building used by defendants for the conduct or transaction of their business. Had plaintiff desired to restrict the term "office" to a particular type, the ordinance could have been so worded. *Cf. Tel-Craft Civic Ass'n v Detroit,* 337 Mich 326, 331; 60 NW2d 294 (1953). We construe the ordinance to allow defendants to use their property for the sale of ferry tickets.

Because of our conclusion regarding the construction of the ordinance, we need not consider whether the anticipated restriction was constitutionally permissible. We do note, however, that, independent of its zoning powers, a village is statutorily authorized to regulate ferries. MCL 67.40; MSA 5.1324.

Reversed.