BEVAN v BRANDON TOWNSHIP

Docket No. 103711. Submitted December 13, 1988, at Lansing. Decided April 17, 1989. Leave to appeal applied for.

Plaintiffs, William and Wava Bevan, purchased two adjoining lakefront parcels of land by separate land contracts in September, 1954, and June, 1964, and took title in 1964 and 1970. Since there was no street frontage, the deeds reserved an easement twenty feet wide from the nearest public highway, the only access to the highway. In 1974, Brandon Township adopted a zoning ordinance. The parcels, except for the street frontage requirement, meet the zoning ordinance's requirements for two single-family residences, as divided. In 1977, Brandon Township adopted a private road ordinance which requires the plaintiffs' access road to be sixty-six feet wide in order for them to receive two single-family residence building permits, one for each parcel. The sixty-six foot requirement would not apply if plaintiffs sought to build only one single-family residence. Plaintiffs sought a variance from the width requirement from the Brandon Township Board of Appeals in order to receive two building permits. The variance was denied. Plaintiffs then brought an action in the Oakland Circuit Court against the township and board of appeals. Two counts of the complaint deal with the appeal and request for delayed appeal from the action of the board of appeals, three counts allege violation of constitutional and civil rights and seek a declaratory judgment that the private road ordinance is unconstitutional. Following arguments by counsel, the trial court, James S. Thorburn, J., issued an opinion and order concluding that the enactment and enforcement of the ordinance relative to plaintiffs' property constituted temporary, regulatory taking of property without compensation, and that it was confiscatory. The court noted that plaintiffs were not seeking any compensation for the temporary taking of their property. The court then awarded plaintiffs attorney fees as a proper incident to a 42 USC 1983 claim and under Michigan's Uniform Condemnation

REFERENCES

Am Jur 2d, Appeal and Error § 822; Civil Rights § 18; Zoning and Planning §§ 11, 13, 15, 25-29, 322, 331, 332, 354.

See the Index to Annotations under Zoning.

Procedures Act. Defendants appealed from the judgment permanently enjoining defendants from applying the township's private road ordinance relative to plaintiffs' property and from the attorney fees award.

The Court of Appeals *held:*

1. The plaintiffs did not have to first exhaust all possible state remedies before bringing their claim under 42 USC 1983.

2. The trial court properly found that enforcement of the ordinance constitutes a regulatory taking and is confiscatory. Plaintiffs proved that the ordinance as applied to their property precludes its use for any purpose to which it is reasonably adapted.

Affirmed.

1. ZONING — BOARD OF APPEALS — APPEAL.

The decision of a zoning dispute by a board of appeals is final; a person having an interest affected by the zoning ordinance under dispute may appeal to the circuit court (MCL 125.293a; MSA 5.2963[23a]).

2. ACTIONS — CIVIL RIGHTS — UNITED STATES CODE.

A person need not first seek a remedy under state law before bringing a claim in a state court under 42 USC 1983 (42 USC 1983).

3. ZONING — TAKING OF PROPERTY.

The application of a zoning law to a particular piece of property is a taking if it does not substantially advance a legitimate state interest and if it denies the owner economically viable use of the land.

4. ZONING — REASONABLENESS.

A zoning ordinance that renders property almost worthless is unreasonable and confiscatory and, therefore, illegal.

5. ZONING — REASONABLENESS — GOVERNMENTAL INTEREST.

A plaintiff, to successfully challenge a zoning ordinance, must prove that there is no reasonable governmental interest being advanced by the present zoning classification itself or that the ordinance is unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question.

6. ZONING — APPEAL — PRESUMPTION OF VALIDITY.

A zoning ordinance comes to the court clothed with every presumption of validity, regardless of the theory under which a property owner makes a challenge as to its constitutionality.

7. ZONING — APPEAL — BURDEN OF PROOF — REASONABLENESS.

It is the burden of the party attacking a zoning ordinance to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property; it must appear that the clause attacked is an arbitrary fiat, a whimsical ipse dixit, and that there is not room for a legitimate difference of opinion concerning its reasonableness; this rule applies to a challenge which has as its basis the reasonable relationship of land use regulation under the police power of a governmental unit to public health, safety, morals, or general welfare.

8. ZONING — APPEAL — REASONABLENESS.

An aggrieved property owner, to sustain an attack on a zoning ordinance, must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted; this rule applies to a challenge which has as its basis a claim of confiscation or wrongful taking under the Fifth or Fourteenth Amendments.

9. APPEAL — EQUITY.

An appellate court is inclined to give considerable weight to the findings of the trial judge in equity cases regardless of the theory or theories advanced.

10. ZONING — DUE PROCESS — CONFISCATION.

A substantive due process challenge to a zoning ordinance requires a separate and distinct analysis from a confiscation challenge to a zoning ordinance.

*Thomas J. Ryan, P.C.* (by *Thomas J. Ryan*), for plaintiffs.

*Campbell, Keenan & Harry* (by *Richard A. Campbell*), for defendants.

Before: SHEPHERD, P.J., and MURPHY and T. GILLESPIE,* JJ.

MURPHY, J. Defendants appeal as of right from a circuit court judgment in plaintiffs' favor permanently enjoining defendants from applying the township's private road ordinance relative to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiffs' property and awarding plaintiffs $5,300 in attorney fees. We affirm.

The lower court decided this matter on the following stipulated facts:

> Plaintiffs purchased this lakefront property in two parcels by separate land contracts on September 20, 1954, and June 11, 1964 and took title in 1964 and 1970. Thereafter, Wava Bevan, formerly Wava Warner, transferred title to herself and William Bevan, her husband.
>
> Deeds creating the above transfers reserve an easement 20 feet wide from the nearest public highway to the parcel, and such deeds predate the Zoning Ordinance and Private Road Ordinance, hereafter discussed.
>
> The property does *not* have frontage on any public roadway. The only access is the easement.
>
> In 1974, Brandon Township adopted its Zoning Ordinance. A copy of the relevant section of that ordinance (Section 5.07 *Required Street Frontage*) is attached hereto and incorporated herein. Other than those street frontage requirements, the parcel, as divided, meets the Zoning Ordinance requirements for two (2) buildable sites.
>
> In 1977, Brandon Township adopted a Private Road Ordinance. That ordinance is Brandon Township Ordinance No. 42, a copy of that ordinance is attached hereto and incorporated herein.
>
> At the time that Wava Bevan purchased the parcel, her predecessor in interest had already divided the parcel, which parcel is approximately six (6) acres, into two (2) tax descriptions.
>
> The easement that exists for the purpose of serving the parcel does not meet the minimum private road requirement as set forth in Article VII, Section 7.1 of the Brandon Township Private Road Ordinance. (See attached) The Bevans, seeking to obtain two (2) building permits on their parcel, one (1) for each of the tax descriptions, applied to the Township Board of Zoning Appeals for a variance with regard to the road width (from

the required 66' to 20', the amount they owned) so as to permit them to build a private road on the parcel, which private road would then entitle them to two (2) building permits. Section 2.5 of the Brandon Township Private Road Ordinance requires a private road when the roadway is going to service more than one (1) residence. The variance would not be necessary if the Bevan's [sic] sought to build only one house because the Bevans would be entitled to one permit, and could obtain that at any time.

The Brandon Township Zoning Board of Appeals denied the request for a variance with regard to the width requirement. As a result of that denial this Complaint was filed. The first two (2) Counts of the Complaint deal with the appeal, and a request for delayed appeal from the action of the Zoning Board of Appeals. The next three Counts of the Complaint deal with "Violation of Constitutional Rights," "Civil Rights Act" and "Declaratory Judgment: Township of Brandon's Private Road Ordinance as Unconstitutional."

Since the Board of Appeals action, the Bevans have tried unsuccessfully to sell the property to the Department of Natural Resources.

The access easement is unimproved and there has been no construction on the building sites. (See Minutes of Board of Appeals, attached to Plaintiff's Complaint and accepted by Defendant.)

Bevans' out of pocket damages to date are Five Thousand One Hundred Twenty Five ($5,125.00) Dollars attorney fees, costs of One Hundred Seventy ($170.00) Dollars for expert witness fees, Fifty ($50.00) Dollars court costs, and Sixteen ($16.00) Dollars subpoena fees for a total of Five Thousand Three Hundred Sixty One ($5,361.00) Dollars.

After brief oral argument by counsel, the court took the matter under advisement and thereafter issued an opinion which concluded that the enactment and enforcement of the ordinance relative to plaintiffs' property constituted a temporary, regu-

latory taking of property without compensation, and that it was confiscatory. The court also noted that plaintiffs were not seeking any compensation for the temporary taking of their property. However, the parties stipulated to reasonable attorney fees, if awarded, as being $5,300. The court then awarded plaintiffs their attorney fees as a proper incident to a 42 USC 1983 claim and under Michigan's Uniform Condemnation Procedures Act, MCL 213.66(2); MSA 8.265(16)(2).

Defendants first contend that the trial court erred in granting relief under a federal statute when plaintiffs failed to exhaust all of their state remedies. We disagree.

The township zoning board of appeals rendered its decision on August 28, 1985, denying plaintiffs' request for a variance. A decision by a board of appeals is final. MCL 125.293a; MSA 5.2963(23a). Moreover, that statute provides that a person having an interest affected by the zoning ordinance *may* appeal to the circuit court. Therefore, while plaintiffs could have immediately appealed to the circuit court, they were not required to do so as a condition to filing their several-count complaint. We also note that plaintiffs never had to seek a variance in order to challenge the zoning ordinance. Plaintiffs' taking challenge is separate and distinct from their seeking of a variance. A variance is simply an authorization to a property owner to depart from the literal requirement of zoning regulations in utilization of his property in cases in which strict enforcement of the zoning regulations would cause undue hardship. See, e.g., *National Boatland, Inc v Farmington Hills Zoning Bd of Appeals,* 146 Mich App 380; 380 NW2d 472 (1985).

Defendants also argue that plaintiffs should not be allowed to maintain a federal claim under 42

USC 1983 when they have an available remedy in a state court. However, a § 1983 claim may be brought in a state court. See *Maine v Thiboutot,* 448 US 1, 10-11; 100 S Ct 2502; 65 L Ed 2d 555 (1980). In addition, in *McNeese v Bd of Ed for School Dist 187, Cahokia, Illinois,* 373 US 668, 671; 83 S Ct 1433; 10 L Ed 2d 622 (1963), the United States Supreme Court found that a person need not first seek a remedy under state law before bringing a claim under § 1983. The Court, quoting *Monroe v Pape,* 365 US 167, 183; 81 S Ct 473; 5 L Ed 2d 492 (1961), stated:

> "It is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked."

In this case, plaintiffs brought a claim for inverse condemnation under both US Const, Ams V and XIV, and Const 1963, art 1, § 17, and art 10, § 2, as a basis of their § 1983 claim. They were not precluded from bringing a claim under 42 USC 1983 though they did not first exhaust all possible state remedies.

Defendants next contend that plaintiffs' property was not "taken" by the regulation because they were not deprived of all reasonable use of the property considered as a whole. Defendants contend that plaintiffs can still build one residence on their property. We note that resolution of this issue requires a more in-depth analysis than the previous issues.

US Const, Am V, provides that private property shall not be taken for public use without just compensation. Const 1963, art 10, § 2, provides:

> Private property shall not be taken for public

use without just compensation therefor being first made or secured in a manner prescribed by law. Compensation shall be determined in proceedings in a court of record.

It is an established doctrine that, while property can be regulated to some extent, if a regulation goes too far it will be recognized as a taking. *First English Evangelical Lutheran Church of Glendale v Co of Los Angeles, California,* 482 US —; 107 S Ct 2378, 2386; 96 L Ed 2d 250, 264-265 (1987). Moreover, where the government elects to discontinue regulations, compensation for the "temporary" taking is payable. *Id.,* 107 S Ct 2387-2389; 96 L Ed 2d 266-268. Michigan also recognizes that the application of zoning law to a particular property can constitute a taking. *Poirier v Grand Blanc Twp,* 167 Mich App 770, 773; 423 NW2d 351 (1988). In addition, our Supreme Court in *Smith v Village of Wood Creek Farms,* 371 Mich 127, 136; 123 NW2d 210 (1963), reiterated the proposition that a zoning ordinance that renders property almost worthless is unreasonable and confiscatory and, therefore, illegal.

The United States Supreme Court has stated that the application of a zoning ordinance to a particular property is a taking if it does not substantially advance a legitimate state interest and if it denies the owner economically viable use of his land. *Nollan v California Coastal Comm,* 483 US —; 107 S Ct 3141, 3146; 97 L Ed 2d 677, 687 (1987); *Agins v City of Tiburon,* 447 US 255, 260; 100 S Ct 2138; 65 L Ed 2d 106 (1980).

This Court in *Bierman v Taymouth Twp,* 147 Mich App 499, 503-504; 383 NW2d 235 (1985), lv den 425 Mich 869 (1986), in citing the leading case authority in Michigan relative to constitutional challenges of a zoning ordinance, stated the following:

Our review of zoning cases, although de novo, is conducted with the following guidelines in mind:

"This Court, however, is inclined to give considerable weight to the findings of the trial judge in equity cases. This is primarily because the trial judge is in a better position to test the credibility of the witnesses by observing them in court and hearing them testify than is an appellate court which has no such opportunity. We do not ordinarily disturb the findings of the trial judge in an equity case, unless, after examination of the entire record, we reach the conclusion we would have arrived at a different result had we been in the position of the trial judge." *Kropf v City of Sterling Heights,* 391 Mich 139, 163; 215 NW2d 179 (1974), quoting *Christine Building Co v City of Troy,* 367 Mich 508, 518; 116 NW2d 816 (1962).

The appropriate standard for determining the constitutional validity of a zoning ordinance set forth in *Kropf, supra,* was outlined concisely in *Kirk v Tyrone Twp,* 398 Mich 429, 439-440; 247 NW2d 848 (1976), as follows:

"The principles and tests to use to determine whether the present zoning of plaintiffs' property is valid was detailed in *Kropf.*

"The important principles require that for an ordinance to be successfully challenged plaintiffs prove:

" '[F]irst, that there is no reasonable governmental interest being advanced by the present zoning classification itself . . . or

" '[S]econdly, that an ordinance may be unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question.' 391 Mich 139, 158.

"*The four rules for applying these principles were also outlined in* Kropf. *They are:*

"1. ' "[T]he ordinance comes to us clothed with every presumption of validity." ' 391 Mich 139, 162, quoting from *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425; 86 NW2d 166 (1957).

"2. ' "[I]t is the burden of the party attacking to

prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property . . . . It must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for a legitimate difference of opinion concerning its reasonableness." ' 391 Mich 139, 162, quoting *Brae Burn, Inc.*

"3. ' *"Michigan has adopted the view that to sustain an attack on a zoning ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted."* ' 391 Mich 139, 162-163.

"4. ' "This Court, however, is inclined to give considerable weight to findings of the trial judge in equity cases." ' 391 Mich 139, 163, quoting *Christine Building Co v City of Troy,* 367 Mich 508, 518; 116 NW2d 816 (1962)." [Emphasis added.]

For the purposes of analyzing this inverse condemnation or confiscation case, we note that *Kropf* rules one, three and four above are of particular importance.[1] Recently, another panel of this Court in *Hecht v Niles Twp,* 173 Mich App 453; 434 NW2d 156 (1988), interpreted the landmark *Kropf* case and clarified that a substantive due process challenge to a zoning ordinance requires a separate and distinct analysis from a confiscation challenge to a zoning ordinance. *Id.,* p 458. This Court in *Hecht,* pp 459-460, 462-463, explained:

[1] In light of recent United States Supreme Court pronouncements in taking law, particularly *Nollan, supra,* and *First English Evangelical, supra,* we question the continuing viability of the *Kropf* rules in analyzing cases involving taking issues. It appears that these recent Supreme Court decisions might necessitate a reexamination of the *Kropf* rules to reflect this development in the law in placing a greater burden on the governmental entity in regulating private property. However, since we will conclude that the municipality cannot even satisfy the applicable *Kropf* rules, this does not present the appropriate case to consider the impact of these recent Supreme Court decisions on the *Kropf* rules.

Many trial courts and, indeed, we believe, some panels of this Court have unfortunately misinterpreted these rules and thus have mistakenly intertwined the standards applicable to the different theories of relief, with the result that they have held that a property owner must prove confiscation to succeed in any challenge to a zoning ordinance. We believe that a careful reading of *Kropf,* in particular the context from which these rules were extrapolated, reveals what we perceive as the proper application of the four rules:

(1) Rule No. 1 applies to all ordinances, regardless of the theory under which a property owner makes a challenge as to its constitutionality;

(2) Rule No. 2 applies to a challenge to a zoning ordinance which has as its basis the reasonable relationship of land use regulation under the police power of a governmental unit to public health, safety, morals, or general welfare;

(3) Rule No. 3 applies to a challenge to a zoning ordinance which has as its basis a claim of confiscation or wrongful taking under the Fifth or Fourteenth Amendments;

(4) Rule No. 4 applies to an appellate court's review of a trial court's findings regardless of the theory or theories advanced.

\* \* \*

*Kropf* continues to make apparent the fact that a distinct analysis must be used where a claim is made that the zoning ordinance results in confiscation of the plaintiff's land without just compensation. After analyzing the plaintiffs' substantive due process claim, the Court then *separately* addressed the confiscation argument advanced by the plaintiffs:

"Turning now to the issue upon which plaintiffs presented almost the totality of their proofs, we consider whether, in this situation, plaintiffs' property has been so restricted as to amount to a confiscation of their property. Michigan has adopted the view that to sustain an attack on a zoning ordinance, an aggrieved property owner

must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted." [391 Mich 162-163 (citing *Brae Burn, Inc,* 350 Mich 434-435)].

It is from this statement that Rule No. 3 has been taken.

The view expressed in Rule No. 3 is originally found in the landmark New York case of *Arverne Bay Construction Co v Thatcher,* 278 NY 222; 15 NE2d 587 (1938), and was discussed in the context of the plaintiff's assertion that a New York City zoning ordinance constituted a confiscatory taking of his property without just compensation. Furthermore, *Brae Burn, Inc, supra,* refers to the *Arverne Bay* case in the context of its discussion of the confiscation argument advanced by its plaintiff. See also 1 Anderson, American Law of Zoning (3d ed), § 3.27, pp 169-170.

*We believe that the* Kirk *Court clearly understood and properly applied this rule to situations where a plaintiff was challenging the confiscatory nature of a zoning ordinance.* Kirk *returned to the root of the rule as found in* Kropf *and stated:*

"*In* Kropf *we required the property owner claiming confiscation to prove that application of the existing ordinance to his property would 'preclude its use for any purpose to which it is reasonably adapted.'* 391 Mich 139, 163. [398 Mich 444.]"

On the basis of foregoing, we are required to apply *Kropf* rules one, three and four to the facts of the case at bar.

Turning to rule one, that the ordinance is clothed with every presumption of validity, the township attorney argued the following:

Your Honor, the Township in this kind of situation is between a rock and a hard place.

We're charged with the maintenance and the welfare of our citizens. We've decided based on our experience with private roads that we have to be

sure the people have passable access to the property where fire equipment can get in, emergency equipment can get in.

This is a lake front parcel. The first time that a piece of emergency equipment can't get in there when there's a child drowning or there's a fire, the township will not only be criticized, they'll probably be sued.

\*   \*   \*

But when there's more than one dwelling involved, public interest becomes involved. And there's more than one dwelling involved in this situation and that's why the township adopted this private road ordinance.

We have no doubt that the challenged ordinance is clothed with a presumption of validity. It attempts to deal with the health, safety and welfare of the public. We do note, however, that plaintiffs' easement is twenty feet wide and this private drive would only service two homes. Plaintiffs argued that there would be limited use of this drive by the general public and that the twenty-foot easement would be wide enough to accommodate emergency equipment for the two single-family dwellings.

As for rule three, plaintiffs must show that if the ordinance is enforced the consequent restrictions on their property preclude its use for any purposes to which it is reasonably adapted.

The stipulated facts reveal that enforcement of the ordinance precludes plaintiffs from using one of their two parcels as it is zoned, that is, for a single-family dwelling. Moreover, plaintiffs' attempts to sell the property have been unsuccessful. Plaintiffs' property is unquestionably two separate parcels which are taxed separately and which are considered separate parcels by the township. The lower court noted that before enactment of the

1977 private road ordinance, plaintiffs could have lawfully built two single-family dwellings on the parcels and that enforcement of the ordinance constitutes a regulatory taking and is confiscatory. We agree. Our review of the record leads us to conclude that plaintiffs have shown that the township's private road ordinance as applied to their property precludes its use for any purpose to which it is reasonably adapted. *Kropf, supra.*

Finally, rule four requires that we give considerable weight to the findings of the trial judge. We have done so in this case and agree that the ordinance constitutes a regulatory taking of one of plaintiffs' two parcels. Therefore, the lower court's order permanently enjoining defendants from enforcing the private road ordinance relative to plaintiffs' two parcels and the court's award of attorney fees are affirmed.

Affirmed. Plaintiffs may tax costs.