PEACOCK TOWNSHIP v PANETTA

1. ZONING—INTERPRETATION OF ORDINANCES—RESTRICTIONS—PROPERTY OWNERS.

The language of a zoning ordinance must be interpreted, for purposes of determining the extent of a restriction upon the use of property, in favor of the property owner where doubt exists as to the intention of the legislative body.

2. ZONING—ORDINANCES—CONSTRUCTION OF ORDINANCES—CAMPGROUND—USES PERMITTED—TOWNSHIPS.

A township zoning ordinance should be construed to allow the operation of a primitive campground upon land zoned agricultural where the zoning ordinance permits all uses in an agricultural district that are permitted in a commercial-residential district and where the ordinance allows any recognized "mercantile business" in the commercial-residential districts but fails to define the term "mercantile business", thus leaving it unclear as to what types of uses the drafters of the ordinance intended to permit.

3. ZONING—ORDINANCES—CONSTRUCTION OF ORDINANCES—CONDITIONS OF THE AREA.

It is permissible to inquire into the conditions of the area where a zoning ordinance is intended to operate when construing a zoning ordinance.

4. ZONING—TOWNSHIPS—IMPLICATIONS—PERMISSIBLE USES—CAMPGROUNDS—EXPRESS PROHIBITIONS.

An implication arises that a campground is a permissible use of property in sections of a township where they are not expressly prohibited where the township's zoning ordinance expressly prohibits the construction of campgrounds in certain sections of the township.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 82 Am Jur 2d, Zoning and Planning §§ 66–68.
[4] 82 Am Jur 2d, Zoning and Planning §§ 121, 122.
[5] 82 Am Jur 2d, Zoning and Planning §§ 25, 27.
[6] 82 Am Jur 2d, Zoning and Planning § 45.
[7] 82 Am Jur 2d, Zoning and Planning § 186.

5. Zoning—Ordinances—Validity—Presumptions—Burden of
   Proof.

   A zoning ordinance is presumed valid and the burden is on a
   party attacking an ordinance to establish its invalidity.

6. Zoning—Ordinances—Townships—Governmental Interests—
   Fire Hazards—Safety Concerns.

   A township's interim zoning ordinance prohibiting the establish-
   ment, alteration or extension of campgrounds within the town-
   ship for a period of one year advances a reasonable and
   rational governmental interest where the ordinance was passed
   in order to allow the township time to evaluate the fire hazards
   and safety concerns incidental to the large number of campers
   present in the township during motorcycle rallies.

7. Zoning—Prior Nonconforming Uses—Reasonableness—Vested
   Rights.

   A prior nonconforming use is a vested right to continue the
   lawful use of real estate in the manner it was used prior to the
   adoption of a zoning ordinance; though the ordinance be rea-
   sonable, it cannot operate to oust the property owner of his
   vested right; to establish a nonconforming use it is essential to
   show nonconformance in a reasonably substantial manner.

Appeal from Lake, Charles A. Wickens, J. Sub-
mitted February 7, 1978, at Grand Rapids. (Docket
No. 77-2010.) Decided March 7, 1978.

Complaint by the Township of Peacock against
Louis R. Panetta, Marilyn Panetta and Robert A.
Haas for an injunction prohibiting defendants
from using their property as a primitive camp-
ground. Injunction granted. Defendants appeal.
Reversed.

*Krolczyk & Danielson,* for plaintiff.

*VanKula, Woodruff & Wernette,* for defendants.

Before: J. H. Gillis, P. J., and R. B. Burns and
Allen, JJ.

Per Curiam. Defendants appeal as of right from

an injunction entered by the Lake County Circuit Court prohibiting defendants from using their property as a primitive campground.[1]

The record reveals the following facts. Plaintiff, Peacock Township, adopted a comprehensive zoning ordinance that went into effect on September 22, 1970. The ordinance established four types of zoning districts: Residential A, Residential B, Commercial-Residential, and Agricultural.

Defendants own a 10-acre parcel of land, of which part is zoned commercial-residential and the remainder is zoned agricultural. Defendants operated a primitive campground on that part of their property that was zoned agricultural. The campground was used primarily by motorcyclists who attended off-the-road rallies at nearby locations. However, other people camped on the property on a regular basis.

On June 17, 1975, plaintiff passed an interim campground and mobile home ordinance. The ordinance provided that no campgrounds could be established, altered or extended for a period of one year.

Defendants continued to allow people to camp upon their property since the ordinance did not prohibit the continued use of an established campground.

Finally, on May 27, 1976, plaintiff amended its comprehensive zoning ordinance to permit campgrounds only in certain sections of the township. Defendants' property did not lie within one of these designated sections. Accordingly, when defendants announced their intention to continue to allow motorcyclists to camp on their property, plaintiff instituted proceedings which resulted in the issuance of an injunction which prevented

---

[1] A primitive campground is one which provides only fresh water and lavatory facilities.

defendants from using their property as a primitive campground.

Defendants first contend that the original comprehensive zoning ordinance enacted in 1970 does not prohibit the operation of a primitive campground on their property.

Peacock Township Zoning Ordinance, art VIII, § 1 provides as follows:

"(a) All uses permissible in the Residential 'A' and 'B' Districts are permissible in the Commercial-Residential District.

"(b) In addition, any generally recognized mercantile business, including, *but not by way of limitation,* banks, professional offices, dressmaking and millinery shops, grocery and meat markets, drug stores, sales and showrooms, parking lots, restaurants, rental business, studios, gas stations, hotels, motels and room rentals are permitted." (Emphasis supplied.)

Peacock Township Zoning Ordinance, art IX, § 1, defines the uses permitted in an agricultural district. This district permits all uses which are permitted in a commercial-residential district. This district also permits uses which are normally associated with farming and agriculture along with light industry.

As the ordinance states, any recognized "mercantile business" is allowed in the commercial-residential districts. The ordinance fails to define the term "mercantile business", hence, it is unclear as to what types of uses the drafters of the ordinance intended to permit.

"In interpreting the language of the ordinance to determine the extent of the restriction upon use of the property, the language must be interpreted, where doubt exists as to the intention of the legislative body,

in favor of the property owner." 8 McQuillin, Municipal Corporations (3d ed), 1974 Cum Supp, § 25.71, p 50.

Hence, the ordinance in question should be construed to allow defendant to use their property for a primitive campground.

Other factors support this conclusion. When construing a zoning ordinance it is permissible to inquire into the conditions of the area where the ordinance is intended to operate.[2] Peacock Township is sparsely populated. It has about 198 registered voters. More than 60 percent of the township is public land on which persons may camp. In view of these facts, it is reasonable to believe that campgrounds are a use intended to be included in the commercial-residential district. The situation might be otherwise if the ordinance was intended to operate in a metropolitan area.

It should also be noted that art X of the ordinance expressly prohibits the construction of campgrounds in certain sections of the township. However, defendants' property is not within one of the prohibited areas. Hence, an implication arises that a campground is a permissible use of property in sections of the township where they are not expressly prohibited.

Therefore, we conclude that defendants' operation of a campground on their property was a permissible use under the 1970 Peacock Township Zoning Ordinance.

Defendants next contend that the interim zoning ordinance enacted by plaintiff was unconstitutional in that it was not reasonably related to any tenable township interests.

A zoning ordinance is presumed valid. *Kirk v*

---

[2] *See, People v Detroit Citizens' R Co,* 116 Mich 132, 137–138; 74 NW 520 (1898).

*Tyrone Twp,* 398 Mich 429; 247 NW2d 848 (1976). The burden is on the party attacking the ordinance to establish its invalidity.

Defendants failed to establish that the ordinance did not promote the health, safety or general welfare of the residents of Peacock Township.

Our review of the record indicates that the ordinance was passed in order to allow plaintiff time to evaluate the fire hazards and safety concerns incidental to the large number of campers present in the township during the motorcycle rallies. Such an ordinance advances a reasonable and rational governmental interest.

Also, since the ordinance only prohibited the expansion of current campgrounds and the establishment of new campgrounds, it had no effect on defendants' continued operation of their campground at its present capacity.

Defendants finally claim that the comprehensive zoning ordinance passed by plaintiff in 1976 cannot prohibit defendants from using their property as a primitive campground since they have already established such a use prior to the effective date of the ordinance.

"A prior nonconforming use is a vested right to continue the lawful use of real estate in the manner it was used prior to the adoption of a zoning ordinance. Though the ordinance be reasonable, it cannot operate to oust the property owner of his vested right." *Dusdal v City of Warren,* 387 Mich 354, 359–360; 196 NW2d 778 (1972).

"[T]o establish a nonconforming use it is essential to show nonconformance in a reasonably substantial manner." *Township of Fruitport v Baxter,* 6 Mich App 283, 285; 148 NW2d 888 (1967).

Prior to the effective date of the 1976 ordinance,

defendants had twice used their property as a campsite for hundreds of people attending motorcycle rallies. They also had weekend campers on a regular basis. The record reveals that four persons camped on the property on a year-round basis.

On the basis of this record, it is the opinion of this Court that defendants established the use of their property as a primitive campground prior to the effective date of the 1976 ordinance which prohibited such a use of defendants' property. Accordingly, defendants should be allowed to use their property as a primitive campground in accordance with their past practices as a prior nonconforming use. The injunction is dissolved.

The other issues raised on appeal do not merit discussion by this Court.

Reversed. No costs, a public question being involved.