LERNER v BLOOMFIELD TOWNSHIP

Docket No. 49509. Submitted March 9, 1981, at Detroit.—Decided
June 4, 1981. Leave to appeal applied for.

Plaintiff, Ernestine Lerner, owns a home in Bloomfield Township,
in a neighborhood zoned for single-family residential use. She is
a psychotherapist and marriage counselor. She practiced her
profession in her home until the township informed her that
she was in violation of the township's zoning ordinance for
operating a business in a residential district. Plaintiff then
brought an action against the township, seeking declaratory
and injunctive relief. The township counterclaimed, seeking to
enjoin the plaintiff from using her home for her practice. The
Oakland Circuit Court, Frederick C. Ziem, J., dismissed the
plaintiff's complaint and granted the township an injunction
against the plaintiff's further use of her home in her practice.
Plaintiff appeals, alleging that her practice of psychotherapy
and social work is a permissible "accessory use" of her property
under the zoning ordinance. *Held:*

1. The ordinance defines an "accessory use" as one which is
customarily incident to the residential use. An incidental use is
one which furthers the use of the property as a residence.
Plaintiff's activity does not do this. It is, therefore, not an
"accessory use" of the property.

2. The ordinance does not violate the Township Rural Zoning
Act.

Affirmed.

1. ZONING — ACCESSORY USE —PRINCIPAL USE.

An accessory use, under a township zoning ordinance, is a use
which depends upon and enhances the principal use of prop-
erty; the practice of psychotherapy and social work in a home
on property zoned for single-family residential use is not an

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Zoning and Planning § 169.
Construction and effect of zoning provision permitting accessory use
for "professional office". 24 ALR3d 1128.
[2] 82 Am Jur 2d, Zoning and Planning §§ 11, 12, 173, 174.

accessory use because it does not enhance the use of the property as a residence.

2. ZONING — TOWNSHIP RURAL ZONING ACT — STATUTES.

A township zoning ordinance providing for single-family residential use and thereby prohibiting a party from the practice of psychotherapy and social work in the party's residence does not violate the Township Rural Zoning Act where the ordinance does not totally exclude the practice from the township, the ordinance advances several legitimate governmental interests, and the application of the ordinance to the party's practice does not constitute invalid discrimination (MCL 125.297a; MSA 5.2963[27a]).

*Lampert, Fried & Levitt, P.C.* (by *David M. Fried* and *Phillip G. Rosenberg*), for plaintiff.

*Dillon & Ryan,* for defendant.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and D. C. RILEY, JJ.

V. J. BRENNAN, P.J. Plaintiff appeals from an adverse judgment by the trial court which dismissed her complaint and granted defendant township an injunction restraining plaintiff's use of her residence in violation of the Bloomfield Township Zoning Ordinance.

The following factual summary frames the present controversy.

Plaintiff owns and resides in a large home located in a residential neighborhood in Bloomfield Township, Oakland County. She works as a psychotherapist and marriage counselor. Until 1978, plaintiff rendered her professional services from an office located in a district zoned for office and business use. Subsequently, she began to practice her psychotherapy and social work from her home. This, of course, necessitated clients coming to her home.

In 1974, defendant township had adopted Ordinance No. 265 by which plaintiff's residence and surrounding property had been zoned R-3, single-family residential use, the most restrictive use category under the ordinance.

That ordinance provides in pertinent part:

"PRINCIPAL USES PERMITTED:

"In a R-1, R-2, and/or R-3 One-Family Residential District the use of land, the location and erection of new buildings or structures, and the alteration, enlargement, and moving of existing buildings or structures from other locations and/or districts shall conform to the following specified uses, unless otherwise provided in this Ordinance.

"1. One-family detached dwellings.

\* \* \*

"6. Accessory building and uses, customarily incident to any of the above permitted uses \* \* \*." Bloomfield Township Zoning Ordinance, Article IV, Section 400.

"For the purpose of this Ordinance terms not herein defined shall have the meaning customarily assigned to them; and certain terms or words used herein shall be interpreted as follows:

"1. Accessory Use, or Accessory: an 'accessory use' is a use which is clearly incidental to, customarily found in connection with, and (except in the case of accessory off-street parking spaces or loading) located on the same zoning lot as, the principal use to which it is related.

"When 'accessory' is used in the text, it shall have the same meaning as accessory use." Bloomfield Township Zoning Ordinance, Article II, Section 201.

Defendant township subsequently cited plaintiff for "operating a business in a R-3 one-family residential district" in violation of the ordinance. After receiving the citation, plaintiff discontinued treatment of patients in her home and resumed her practice at her former office location.

Plaintiff then commenced the instant action against the defendant in Oakland County Circuit Court seeking declaratory and injunctive relief. Defendant counterclaimed to enjoin plaintiff from using her residence for treating patients. Plaintiff now appeals as of right from a decision adverse to her.

On appeal, the main thrust of plaintiff's argument is that her home occupation of *psychotherapy and social work* is a permissible "accessory use" under the zoning ordinance. The controlling section of the zoning ordinance defines "accessory use" as a use which is "customarily incident" to any of the permitted principal uses. Plaintiff conceptualizes the term "accessory use" as having two separate prongs: customary and incidental. She then attempts to satisfy these two elements by demonstrating that (1) it is customary (usual practice) for social workers to practice from their homes and (2) her practice is incidental (subordinate) to the principal use of the home as a residence.

We disagree and find that plaintiff's approach of separately proving that her use is "customary" and "incidental" is mistaken. Plaintiff's activity must be *"customarily incident"* to the residental use, not merely customary *and* incidental. The term "customarily" modifies "incident" in the ordinance and does not stand on its own. None of plaintiff's authorities for the proposition that her practice is customarily done in homes is relevant to her claim that it is "customarily incident" to her residential use. The term "incident" is pivotal here.

Plaintiff's characterization of the term "incidental" as meaning "less predominate" rather than "dependent upon" overlooks the great weight of

authority interpreting ordinances providing for "accessory uses". The defendant township correctly cites to this Court the following examples of accessory uses: a tennis court for use by occupants, *Hardy v Calhoun,* 383 SW2d 652 (Tex Civ App, 1964), a garage, *Nelson v Goddard,* 43 Mich App 615; 204 NW2d 739 (1972), a horseshoe pitching court, *New Orleans v Estrade,* 200 La 552; 8 So 2d 536 (1942), a private swimming pool, *Thomas v Zoning Board of University Park,* 241 SW2d 955 (Tex Civ App, 1951), servant's quarters, *Meador v Nashville,* 188 Tenn 441; 220 SW2d 876 (1949), auto racing on fair grounds, *Boissonneault v Saginaw County Agricultural Society,* 330 Mich 143; 47 NW2d 53 (1951), and off-street parking for a hospital, *Sisters of Bon Secours Hospital v Grosse Pointe,* 8 Mich App 342; 154 NW2d 644 (1967).

Michigan cases have found the following *not* to be accessory uses of property: use of a garage adjacent to home in residential district for storage of trucks used in grocery business elsewhere, *People v Scrafano,* 307 Mich 655; 12 NW2d 325 (1943), commercial radio station operated from a home, *Muskegon Heights v Wilson,* 363 Mich 263; 109 NW2d 768 (1961), selling produce grown on farms other than one's own, *DiPonio v Cockrum,* 373 Mich 115; 128 NW2d 544 (1964).

The last three cases cited are sharply distinguishable from those cited in the previous paragraph, where an accessory use was found. In the first group of cases, the use in question enhanced the principal use of the property, and accordingly was found to be "accessory". In the second group, the use did not enhance the principal use of the property, and was found not to be "accessory". Even the language of plaintiff's cases on this issue reinforce this conclusion. The cases refer to a use

which is "factually subordinate", "ancillary", or "auxiliary" to the principal use. All of these suggest that the accessory use must depend upon the principal use. Applying these standards, "incidental" use in plaintiff's case would have to be one which furthers her use of the property *as a residence.* Her social work activity does not. Therefore, we affirm the trial court's conclusion that plaintiff's practice does not qualify as an "accessory use" of her residence.

We have examined the other issues raised on appeal by the plaintiff and find them to be without merit. Thus, we but briefly address them. The ordinance does not violate the Township Rural Zoning Act because it does not totally exclude plaintiff's practice of social work and psychotherapy from the township. MCL 125.297a; MSA 5.2963(27a). Plaintiff's construction of the term "use" in the Township Rural Zoning Act is strained and illogical. The recent case of *Robinson Twp v Knoll,* 410 Mich 293; 302 NW2d 146 (1981), does not persuade us otherwise and is factually distinguishable from the instant case. We further find that the ordinance advances several legitimate governmental interests and is valid under the applicable standards of review for zoning ordinances. *Robinson Twp v Knoll, supra.* Finally, the application of the ordinance to plaintiff's home practice of social work and psychotherapy does not constitute invalid discrimination.

The judgment of the lower court is affirmed.