FREMONT TOWNSHIP v GREENFIELD

Docket No. 69071. Submitted January 10, 1984, at Lansing.—Decided February 8, 1984.

In 1981, Virgil Greenfield purchased some property zoned as agricultural-residential in Fremont Township. There were a number of inoperable motor vehicles and washing machines on the property as well as other scrap metal when Greenfield purchased the property. He was not licensed to operate a business of storing or selling junk cars or storing scrap metal and no variance had ever been requested for the subject property to be used for such purposes. Greenfield increased the number of junk vehicles on the property. Fremont Township filed suit against Greenfield in 71-B District Court for violation of the zoning ordinance. The district court found Greenfield guilty of violating the ordinance. He appealed to the Tuscola Circuit Court. That court, Patrick R. Joslyn, J., affirmed. Defendant appeals by leave granted. *Held:*

1. Defendant's argument that an amendment to the Township Rural Zoning Act, effective March 1, 1979, repealed the township's ordinance is rejected. The amendment provided that existing township zoning ordinances should remain in effect until new ordinances are adopted. The Legislature intended to save all township zoning ordinances which had been enacted prior to the amendatory act.

2. Defendant's argument that § 9.05 of the zoning ordinance is unconstitutional on its face because it is an unlawful delegation of legislative power is irrelevant since the charges against defendant under § 9.05 were dropped prior to trial.

3. Defendant's claim that the ordinance is unconstitutional because it effectively prohibits junkyards in Fremont Township since the only areas designated for that use under the ordinance are owned either by the Tuscola County Road Commission or the Village of Mayville and are used for other purposes

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Zoning and Planning § 10.
[2] 82 Am Jur 2d, Zoning and Planning §§ 101, 103.
    Exclusionary zoning. 48 ALR3d 1210.
[3] 82 Am Jur 2d, Zoning and Planning § 25.

is also rejected. Junkyards may be totally prohibited by the ordinance unless there is a demonstrated need for that land use within the township or surrounding area. There are two other junkyards in the vicinity of Fremont Township, therefore, there is no demonstrated need for another.

Affirmed.

1. ZONING — TOWNSHIP RURAL ZONING ACT — AMENDMENT OF ACT.

A 1978 amendment to the Township Rural Zoning Act did not repeal all prior township zoning ordinances; nine sections of the act remained intact, one providing that existing township zoning ordinances remain in effect until new ordinances are adopted (1943 PA 184; 1978 PA 637, MCL 125.271 *et seq.;* MSA 5.2963[1] *et seq.).*

2. ZONING — TOWNSHIPS — LAND USE.

A township zoning ordinance which effectively prohibits the establishment of a land use in the township is not invalid unless the prohibition is township-wide and there is a demonstrated need for that land use within the township or surrounding area (MCL 125.297a; MSA 5.2963[27a]).

3. ZONING — ORDINANCES — PRESUMPTION OF VALIDITY.

Zoning ordinances come clothed with every presumption of validity in the absence of contrary evidence.

*Ransford, Crews & Burgess, P.C.* (by *Duane E. Burgess),* for plaintiff.

*Dean, Dean, Segar, Hart & Shulman, P.C.* (by *Max Dean),* for defendant.

Before: ALLEN, P.J., and HOOD and W. S. WHITE,* JJ.

PER CURIAM. Defendant appeals by leave granted from an opinion and order of the Circuit Court for Tuscola County dated January 3, 1983, affirming defendant's April 21, 1982, conviction in the district court for operating a junkyard for inoperable motor vehicles and scrap metal in violation of plaintiff's zoning ordinance. The parties

* Circuit judge, sitting on the Court of Appeals by assignment.

stipulate that for purposes of this appeal, the facts shall be the facts set forth in the written opinion of the district court dated April 21, 1982.

On February 4, 1981, defendant purchased on land contract a parcel of property in Fremont Township. At the time of purchase, on that property were a large number of inoperable motor vehicles, inoperable washing machines, and scrap metal. Likewise, on the date of purchase, defendant was not licensed to operate a business of storing or selling junk cars or storing scrap metal despite the fact that in 1969 plaintiff had enacted a zoning ordinance pursuant to the enabling statute in effect at that time.[1] That ordinance established an area where junkyards could be established, but the area designated for such use did not include the subject property, which, under the ordinance, was zoned as an agricultural-residential area. While variances are allowed under the ordinance, no variances for the subject property had been issued by the township and the record is barren of any request for such variance. On the date of trial, the number of junk vehicles on the subject property was much greater than on the date of the alleged offense.

Defendant does not deny that the ordinance in question was duly adopted by the township on March 27, 1969, pursuant to the provisions of 1943 PA 184, entitled "The Township Rural Zoning Act", MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.,* but argues that the ordinance was repealed upon amendment to the Township Rural Zoning Act by 1978 PA 637, effective March 1, 1979. It is defendant's theory that the Legislature intended to repeal *all* prior township zoning ordinances by

[1] 1943 PA 184, being MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.,* and entitled "The Township Rural Zoning Act".

replacing them with a distinctly new and different statute. The issue raised appears to be of first impression.

The flaw in defendant's theory is that 1978 PA 637 did not replace all sections of 1943 PA 184. Nine sections, one being § 26 which provided that existing township zoning ordinances shall remain in effect until a new ordinance is adopted, were left intact.[2] Section 26 reads as follows:

"In the event any township shall have an ordinance adopted and in effect or shall have had a referendum authorizing an ordinance under the provisions of Act No. 302 of the Public Acts of 1937, *prior to the effective date of this act,* such ordinance or any ordinance hereafter adopted by reason of such referendum under the provisions of said Act No. 302 of the Public Acts of 1937 shall remain in full force and effect until a new ordinance is adopted and in effect under the provisions of this act, and any such ordinance shall be deemed to have been adopted as an ordinance under the provisions of this act, and shall be governed thereby." (Emphasis supplied.)

Section 26, as quoted above, was enacted in 1947 PA 137, effective October 11, 1947. Defendant argues that since § 26 was not amended or reenacted in the 1978 amendment "it remains as it was in 1947 and saves only those ordinances in effect prior to October 1, 1947". In order to come to this conclusion, one must read the words "prior to the effective date of this *act*" (underscored in the above) as meaning "prior to the effective date of this *section*". The more logical interpretation is that the Legislature intended to save all township zoning ordinances which had been enacted prior to

[2] The amendatory act did not refer to §§ 6, 7a, 8, 19, 21, 22, 26, 27, and 28 of the former statute and thus those sections were not repealed and remain an integral part of the act.

the amendatory act and that the words "this act" refer to the 1978 amendatory act, rather than the 1947 act. Further, as noted in the written opinion of the district court, § 26 provides no time limits and no mandatory provisions requiring a township with an existing ordinance to pass a new zoning ordinance. Of course, any provisions of a pre-March 1, 1979, local ordinance conflicting with the new statute would be of no effect.

It is next argued that § 9.05 of the ordinance is unconstitutional on its face because it is an unlawful delegation of legislative power. However, as noted by the appellee at oral argument, the charges against defendant under § 9.05 were dropped prior to trial and the case proceeded under § 14.01 of the ordinance for conducting a business on lands not zoned for the business so conducted.

We also reject defendant's claim that the ordinance is unconstitutional because, in actuality, it totally prohibits junkyards in Fremont Township. Defendant argues that although the ordinance established an area where junkyards may be established, as a practical matter the area so designated is owned by either the Tuscola County Road Commission or the Village of Mayville and is being used for other purposes. Thus, defendant contends, as a practical matter zoning for junkyard purposes is totally prohibited. In an excellent review detailing the significance of the 1978 amendment to the township and city zoning statutes (Ternan, *Amendments to the Zoning Enabling Acts: New Concepts and Procedures,* 59 Mich BJ 100), the author states that the 1978 amendatory act for the first time included a provision against exclusionary zoning. In the case of townships, the provision referred to is § 27a, which reads:

"A zoning ordinance or zoning decision shall not have the effect of totally prohibiting the establishment of a land use within a township *in the presence of a demonstrated need for that land use within either the township or surrounding area within the state,* unless there is no location within the township where the use may be appropriately located, or the use is unlawful."[3] (Emphasis supplied.)

Assuming, *arguendo,* that the local units of government owning the land where junkyards could be established would refuse to give permission for such usage and, thus, that for practical purposes automobile junkyards are totally excludable in Fremont Township, such prohibition is still not invalid under § 27a unless (1) the prohibition is township-wide in scope and (2) there is a demonstrated need for that land use within the township or surrounding area. Neither condition is established here. According to the trial court's findings, which are the stipulated facts for purposes of this appeal:

"The only evidence on the record with respect to a demonstrated need for junkyards in Fremont Township is that there are at least two junkyards in Tuscola County, one of those yards being approximately 4 miles from Fremont Township and another perhaps 17 miles from Fremont Township. The court finds there is no showing of a demonstrated need for the use of defendant's land as a junkyard on this record."

Given the fact that Fremont Township's population is only 1,500, that a junkyard for motor vehicles is but 4 miles distant, and another such yard is 17 miles away, and that defendant introduced no evidence of need for additional junkyards

---

[3] MCL 125.297a; MSA 5.2963(27a).

either within the township boundaries or the surrounding area, we are not persuaded that the ordinance constitutes exclusionary zoning within the intent and meaning of § 27a. In the absence of contrary evidence, zoning ordinances come clothed with every presumption of validity. *Ed Zaagman, Inc v Kentwood,* 406 Mich 137, 153; 277 NW2d 475 (1979).

Finding no error in the April 21, 1982, opinion and order of the district court, the opinion and order of the circuit court for Tuscola County dated January 3, 1983, is affirmed. No costs, a question of public importance being involved.