ROGERS v CITY OF ALLEN PARK

Docket No. 106423. Submitted December 5, 1989, at Detroit. Decided March 1, 1990.

Wendell C. Rogers and other owners of homes and property along Southfield Road in the City of Allen Park petitioned the city's planning commission and the city to change the zoning of their property from residential to restricted office use. The requests were denied. The city has a comprehensive development plan for the area, under which the property at issue serves as a buffer zone between Southfield Road and the adjacent residential neighborhood. Other nearby properties along Southfield Road have been rezoned to restricted office use. Rogers and the other affected property owners brought an action against the City of Allen Park in the Wayne Circuit Court, seeking to have the zoning ordinance declared null and void with regard to them and to have the city permanently enjoined from interfering with their efforts to use or sell their properties under the restricted office zoning classification. The court, Louis F. Simmons, Jr., J., concluded that the defendant's refusal to rezone the property was arbitrary and unreasonable, and amounted to a taking. Thus, the court declared the ordinance unconstitutional as applied to the plaintiffs and permanently enjoined the defendant from interfering with the plaintiffs' use of the property as if it were zoned for restricted office use. The defendant appealed.

The Court of Appeals *held:*

1. The defendant's interest in having a buffer zone and a desirable visual introduction for visitors to the community is a legitimate governmental interest. However, it was unreasonable, arbitrary and capricious to advance this interest by means of restricting the plaintiffs' use of their property. The defendant's interest in preserving a buffer zone could be achieved by a restricted office classification, and the legitimate interest in providing an aesthetically pleasing first impression to visitors

REFERENCES

Am Jur 2d, Zoning and Planning §§ 13, 15, 25-27, 326, 327, 337, 338, 356, 357.
See the Index to Annotations under Injunctions; Zoning.

does not justify the economic harm and safety risk to the plaintiffs. Thus, with regard to the plaintiffs, the ordinance is unreasonable and the refusal of the defendant to rezone the plaintiffs' property amounts to a taking.

2. Spot zoning is not involved in this case.

3. The trial court erred in enjoining the defendant from interfering with the plaintiffs' use of the property for any purpose listed in the restricted office classification. The plaintiffs proposed to use the property only for a medical office. Once a court declares an existing zoning classification unconstitutional, it must determine the reasonableness of the owner's proposed use. It may not, however, order a substitute zoning classification. The injunction in this case amounted to judicial rezoning. The plaintiffs should have been limited to a specific proposed use or uses. Additional proceedings are required, therefore, so that the court may determine the plaintiffs' reasonable use.

Affirmed in part, reversed in part, and remanded.

1. ZONING — REASONABLENESS — GOVERNMENTAL INTEREST — REQUESTED CHANGE OF CLASSIFICATION.

The correct test for judicial review of requested zoning changes is that the plaintiff requesting rezoning must show either that there is no reasonable governmental interest being advanced by the present zoning classification itself or that the ordinance may be unreasonable because of the purely arbitrary, capricious, and unfounded exclusion of other types of legitimate land use from the area in question.

2. ZONING — ORDINANCES — BURDEN OF PROOF — REASONABLENESS.

It is the burden of the party attacking a zoning ordinance to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of the property; it must appear that the clause attacked is an arbitrary fiat, a whimsical ipse dixit, and that there is no room for a legitimate difference of opinion concerning its reasonableness.

3. ZONING — ORDINANCES — REASONABLENESS.

An aggrieved property owner, to sustain an attack on a zoning ordinance, must show that if the ordinance is enforced the consequent restrictions on the property preclude its use for any purposes to which it is reasonably adapted.

4. ZONING — CONSTITUTIONAL LAW.

A zoning ordinance is invalid if it fails to advance a legitimate governmental interest or if it is an unreasonable means of advancing a legitimate governmental interest.

5. ZONING — TAKING.
   The application of a zoning ordinance can amount to a taking if it does not advance a legitimate state interest and denies the owner economically viable use of the land.

6. ZONING — CONSTITUTIONAL LAW — COURTS — REASONABLE USE OF LAND — REMEDIES.
   A court, after declaring a zoning ordinance to be unconstitutional, additionally may declare a proposed land use reasonable and enjoin interference with the use where the plaintiff has shown the use to be reasonable by a preponderance of the evidence; however, the court may not order a substitute zoning classification.

*Joseph P. Zanglin,* for the plaintiffs.

*Michael H. Feiler,* for the defendant.

Before: MARILYN KELLY, P.J., and GRIBBS and R. B. BURNS,* JJ.

PER CURIAM. Defendant appeals as of right the circuit court's order declaring its zoning ordinance unconstitutional as applied to plaintiffs. Defendant also appeals the permanent injunction restraining it from interfering with plaintiffs' use of their property under a restricted office zoning ordinance. We affirm in part, reverse in part, and remand for additional proceedings.

Plaintiffs own homes and property along Southfield Road in Allen Park, Michigan. This portion of Southfield is a divided highway and serves as a major exchange connecting I-94 and I-75. The Southfield Expressway is two blocks away. Vehicles use Southfield Road as if it, too, were the expressway, often traveling at fifty to sixty miles per hour. As a result, pedestrians rarely attempt to cross the street. The residents, plaintiffs, feel compelled not to open their windows because of

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

noise and diesel fumes. Vibrations from the traffic cause cracks in the plaster. From time to time, motorists lose control and veer onto plaintiffs' front lawns. Some plaintiffs have narrowly escaped injury. They have tried and been unable to sell their homes as residences. Those interested in purchasing want the property rezoned. It is currently zoned residential.

Plaintiffs petitioned defendant's planning commission and defendant to change the zoning classification of the property to restricted office use. The requests were denied. Defendant has written a comprehensive development plan for the area. Under the plan, plaintiffs' property serves as a buffer zone for the adjacent residential neighborhood. At trial, defendant's urban planning expert conceded that a restricted office zoning area can also serve as a buffer for residential areas. The property of plaintiffs Edward and Patricia Jakacki also serves as a welcoming mat for Allen Park. Other nearby properties along Southfield Road have been rezoned to restricted office use.

The trial court concluded that defendant's refusal to rezone the property was arbitrary, unreasonable and amounted to a taking. The court entered judgment in favor of plaintiffs. It permanently restrained defendant from interfering with plaintiffs' use of the property as if it were zoned in the restricted office classification.

On appeal, defendant first asserts that the judge erred in finding the zoning ordinance unconstitutional. The city argues that he ignored the presumption of validity belonging to the ordinance and based his ruling on what he deemed to be a better use.

We review the trial judge's decision de novo giving great weight to his findings. We will grant relief only if the record convinces us that we

would have reached a different result. *Cryderman v City of Birmingham,* 171 Mich App 15, 20; 429 NW2d 625 (1988).

The Supreme Court has established rules identifying two separate and distinct constitutional challenges to zoning ordinances. *Kropf v Sterling Heights,* 391 Mich 139, 158; 215 NW2d 179 (1974). Under the first, a substantive due process challenge, plaintiffs must prove that no reasonable governmental interest is advanced by the present zoning classification. *Kropf, supra.* The second, a successful confiscation challenge, requires proof that the ordinance is unreasonable, because it constitutes an arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area. *Kropf, supra.* The rules for applying these principles were derived from *Kropf* and restated in *Kirk v Tyrone Twp,* 398 Mich 429, 439-440; 247 NW2d 848 (1976):

> 1. " '[T]he ordinance comes to us clothed with every presumption of validity.' " 391 Mich 139, 162, quoting from *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425; 86 NW2d 166 (1957).
> 2. " '[I]t is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property . . . . It must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for a legitimate difference of opinion concerning its reasonableness.' " 391 Mich 139, 162, quoting *Brae Burn, Inc.*
> 3. "Michigan has adopted the view that to sustain an attack on a zoning ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted." 391 Mich 139, 162-163.
> 4. " 'This Court, however, is inclined to give

considerable weight to the findings of the trial judge in equity cases.' " 391 Mich 139, 163, quoting *Christine Building Co v City of Troy,* 367 Mich 508, 518; 116 NW2d 816 (1962).

The first rule applies to either theory. The second deals with challenges which question the relationship of the regulation to a government interest. The third rule involves confiscation challenges, and the last applies to the appellate review of the trial court's finding under either theory. *Hecht v Niles Twp,* 173 Mich App 453, 459-460; 434 NW2d 156 (1988). Plaintiffs challenged the ordinance under both theories.

The basis of a substantive due process claim is that the zoning ordinance either fails to advance or is an unreasonable means of advancing a legitimate governmental interest. *Troy Campus v City of Troy,* 132 Mich App 441, 454; 349 NW2d 177 (1984).

In this case, the trial judge presumed that the ordinance was valid. However, he found the single-family restriction was arbitrary as applied to plaintiffs. Defendant's interests were the need for a buffer zone and a desirable visual introduction for visitors to the community. These interests were legitimate. However, it was unreasonable, arbitrary and capricious to advance them by means of restrictions on plaintiffs. Defendant had allowed rezoning for other single-family residences along Southfield Road. Moreover plaintiffs' use of their property was severely limited by the conditions along Southfield Road.

The application of a zoning ordinance can amount to a taking if it does not advance a legitimate government interest and denies the owner economically viable use of the land. *Nollan v California Coastal Comm,* 483 US 825, 834; 107 S

Ct 3141; 97 L Ed 2d 677 (1987); *Bevan v Brandon Twp,* 176 Mich App 452, 459; 440 NW2d 31 (1989).

As there was no market for plaintiffs' homes, they have become practically worthless. Further, plaintiffs' enjoyment of their property under the current zoning has severely diminished because of the constant dangers to their health and safety. The fact that one neighbor was able to find a residential buyer is unpersuasive, especially as the court was given incomplete information about the property and the buyer.

Defendant's interest in preserving a buffer zone could be achieved by a restricted office classification. The legitimate interest in providing an aesthetically pleasing first impression to visitors does not justify the economic harm and safety risk to plaintiffs. See *Ottawa County Farms, Inc v Polkton Twp,* 131 Mich App 222, 229; 345 NW2d 672 (1983), lv den 419 Mich 892 (1984). Thus, as to plaintiffs, the ordinance is unreasonable and the refusal of the city to rezone plaintiffs' property amounts to a taking.

. Next, defendant claims that the judge erred, because the order creates a spot-zone of nonresidential use within a single-family residential community. This argument is unpersuasive, both legally and factually.

Spot zoning has been recognized by Michigan courts. It involves a small zone of inconsistent use within a larger zone. The court will scrutinize closely any ordinance which involves spot zoning. *SBS Builders, Inc v Madison Heights,* 389 Mich 323, 327; 206 NW2d 437 (1973). Defendant's reliance on this theory is legally inappropriate, because this case did not involve an ordinance which created a zone of inconsistent use.

Defendant also fails to address the commercial zoning along Southfield Road. It claims that plain-

tiffs' property is part of a neighborhood unit. However, due to the changes along Southfield Road, the property is effectively no longer part of the neighborhood unit as defined by defendant's comprehensive plan. It belongs, more appropriately, to the Southfield Road commercial strip. The trial judge's ruling did not create a pocket of inconsistent zoning.

Finally, defendant argues that the judge exceeded his jurisdiction when he enjoined defendant from interfering with plaintiffs' using the property as if it fell under a different zoning classification. This constitutes judicial zoning and is prohibited.

Once the court has declared that an existing zoning classification is unconstitutional, it must then determine the reasonableness of the owner's proposed use. *Schwartz v City of Flint*, 426 Mich 295, 308, 325; 395 NW2d 678 (1986). The Supreme Court has rejected a procedure which allowed courts to order a substitute zoning classification. *Schwartz*, 309-311, 319-321. Judicial zoning is contrary to the separation of powers. *Schwartz*, 309.

However, the court is empowered to enjoin a municipality from interfering with a property owner's proposed use of his land. To avail himself of this remedy, the owner must prove by a preponderance of the evidence that the proposed use is reasonable. *Schwartz*, 325. It should be specific but need not amount to a plan. *Schwartz*, 328.

In this case, plaintiffs proposed to use the property as a medical office. However the trial court went beyond that proposal. It enjoined defendant from interfering with plaintiffs' use of the property for any purpose listed in the restricted office classification. We find that the injunction amounted to judicial rezoning. Plaintiffs should have been limited to a specific proposed use or uses. Additional proceedings are required, there-

fore, so that the court may determine plaintiffs' reasonable use.

Accordingly, we modify the judgment and vacate the permanent injunction to the extent that it constitutes judicial zoning. We affirm that part of the judgment which declares the zoning ordinance unconstitutional as applied to plaintiffs, and we remand for a determination of reasonable use in accordance with *Schwartz.* We do not retain jurisdiction.