BELL RIVER ASSOCIATES v CHINA CHARTER TOWNSHIP

Docket No. 176879. Submitted August 20, 1996, at Detroit. Decided April 18, 1997, at 9:40 A.M. Leave to appeal sought.

Bell River Associates brought an action in the St. Clair Circuit Court against China Charter Township after the defendant refused to rezone the plaintiff's property from agricultural to multiple-family residential, effectively barring the development of a mobile-home park. The plaintiff challenged the constitutionality of continued agricultural zoning of its property and the validity of those portions of the zoning ordinance that set special-use requirements for mobile homes only. The court, James T. Corden, J., following a bench trial, issued a judgment for the defendant. The plaintiff appealed.

The Court of Appeals *held*:

1. Those portions of the challenged zoning ordinance that set special-use requirements that apply only to mobile homes violate MCL 125.2307(6); MSA 19.855(107)(6), which provides that a local government ordinance shall not contain special-use zoning requirements that apply only to mobile homes. On remand, the portions that violate the statute are to be stricken from the ordinance.

2. The plaintiff's claim that continued agricultural zoning deprives the plaintiff of substantive due process is without merit. The ordinance pursuant to which the plaintiff's property is zoned agricultural advances reasonable governmental interests of protecting areas best suited for agricultural use and of keeping densities low in light of the unavailability of water and sewer services, as well as the inadequacy of community services such as schools, hospitals, and police and fire protection. The plaintiff has not shown that the ordinance arbitrarily and unreasonably restricts the plaintiff's use of its property.

3. The plaintiff's claim that continued agricultural zoning constitutes an unconstitutional taking is without merit. The plaintiff has not shown that enforcement of the ordinance results in restrictions that preclude use of the property for any purpose to which it is reasonably adapted. The plaintiff has not proved that the ordinance comprises an arbitrary, capricious, and unfounded exclusion of other types of valid land use and is therefore unreasonable.

4. The challenged ordinance does not exclude mobile-home parks from China Township and therefore does not violate MCL 125.297a; MSA 5.2963(27a), which provides that a zoning ordinance shall not have the effect of totally prohibiting the establishment of a land use within a township in the presence of a demonstrated need for that land use.

5. The trial court did not err in finding that the plaintiff's proposed use of the property was not reasonable in light of the unavailability of utilities, the remoteness of the site, the uses of the surrounding area, and the increase in population that would result from the proposed use.

Affirmed in part and remanded.

JANSEN, J., concurring in part and dissenting in part, stated that special-use requirements in the challenged ordinance that apply only to mobile homes violate MCL 125.2307(6); MSA 19.995(107)(6) and that the case should be remanded to the trial court for reconsideration of whether the plaintiff's proposed use of its property is reasonable in light of the fact that the special-use requirements must be stricken from the ordinance.

1. ZONING — ORDINANCES — DUE PROCESS.

Zoning ordinances are presumed to be valid and constitutional; a plaintiff who challenges a zoning classification as being violative of substantive due process must prove that the classification advances no reasonable governmental interest and that the zoning ordinance is an arbitrary and unreasonable restriction upon the plaintiff's use of its property.

2. ZONING — ORDINANCES — TAKING OF PROPERTY.

A plaintiff who claims that continued enforcement of a zoning ordinance prohibiting a proposed use of its property constitutes an unconstitutional taking of the property must show that the restriction precludes use of the property for any purpose to which it is reasonably adapted and that the ordinance is unreasonable because it comprises an arbitrary, capricious, and unfounded exclusion of other types of valid land use.

*York, Dolan & Ciaramitaro, P.C.* (by *John A. Dolan*), for the plaintiff.

*Anthony, Seibert, and Dloski* (by *Robert J. Seibert*), for the defendant.

Before: CORRIGAN, P.J., and JANSEN and M. WARSHAW-SKY\*, JJ.

CORRIGAN, P.J. In this zoning action, plaintiff appeals by right the circuit court judgment denying rezoning of plaintiff's property from agricultural to multifamily housing. We affirm in part and remand for proceedings consistent with this opinion.

I. UNDERLYING FACTS

In 1989, plaintiff's predecessor in interest, Sandstone Investment,[1] initiated the purchase of approximately 292 acres of property in China Township, which currently has 2,500 residents. Although the property was zoned for agricultural use, Sandstone intended to develop about 150 acres of the property as a 454-unit mobile-home park,[2] with a projected 1,000 residents. The property, however, was not serviced by public water or sewer. The closest connections were over four miles away.

In August and October 1989, Sandstone requested that China Township rezone the 150 acres from agricultural to multifamily residential. The China Township Planning Commission and the St. Clair County Planning Commission each denied Sandstone's request. The China Township Board of Trustees later voted to deny the rezoning request.

The property sale became final in February 1990, although the township had not rezoned the property. In August 1990, Sandstone assigned its interest to

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff's predecessor in interest, Sandstone Investment, is a general partner of Bell River Associates Limited Partnership.

[2] Plaintiff had originally planned a 553-unit mobile-home park, but later reduced that number to 454.

plaintiff. Plaintiff then sued to compel the township to change the zoning.

After a four-day bench trial, the circuit court denied plaintiff's request for a rezoning. The court found that China Township properly denied plaintiff's request for a zoning change because of "[t]he unavailability of public utilities, the [in]compatibility with surrounding uses, the remoteness of the site, and the impact of a relatively large population on township resources."[3] The court decided that plaintiff had provided insufficient evidence that the existing agricultural zoning classification precluded use of the property for other purposes. Finally, the court ruled that China Township's zoning ordinance was not exclusionary.

## II. SPECIAL USES PERTAINING TO MOBILE HOMES ONLY

Plaintiff asserts that the township demands impermissible special-use requirements that solely pertain to mobile homes. China Township zoning ordinance § 1812 requires site specifications that apply to mobile homes only: (1) a minimum site size of twenty acres; (2) direct access to a paved public road with a planned right of way of not less than 120 feet; and (3) the site cannot abut any suburban residential district.[4] Plaintiff argues that the ordinance violated MCL 125.2307(6); MSA 19.855(107)(6), which provides:

---

[3] The dissent opines that the trial court's findings are "far too conclusory for this Court to engage in effective appellate review." *Post* at 138. Although the trial court's findings were concise, the record, along with the numerous trial exhibits, was not. The record provided facts, as will be indicated, supporting a ruling in defendant's favor.

[4] Because plaintiff's property meets these criteria, this argument is immaterial to the outcome of this appeal. We nonetheless address it because of the legal issues involved.

*A local government ordinance shall not contain* roof configuration standards or *special use zoning requirements that apply only to, or excludes* [sic], *mobile homes.* A local government ordinance shall not contain a manufacturing or construction standard that is incompatible with, or is more stringent than, a standard promulgated by the federal department of housing and urban development pursuant to the national manufactured housing construction and safety standards act of 1974, 42 U.S.C. 5401 to 5426. A local government ordinance may include reasonable standards relating to mobile homes located outside of mobile home parks or seasonal mobile home parks which ensure that mobile homes compare aesthetically to site-built housing located or allowed in the same residential zone. [Emphasis added.]

Defendant did not address plaintiff's argument on this point in its brief. During oral argument, defense counsel merely asserted that the special-use requirements under the ordinance were "not substantial criteria." Counsel explained that several sites within the township were zoned for multiple residential use, adding that plaintiff's proposal called for substantial development in what was otherwise an essentially all-rural community.

Defendant conceded in its brief and during argument, however, that mobile-home parks are permitted in China Township only upon special land-use approval. That policy violates the clear mandate of the above statute—that a zoning ordinance not contain special-use zoning requirements that only apply to mobile homes. MCL 125.2307(6); MSA 19.855(107)(6). The township's ordinance § 1812 therefore is infirm as written. Thus, we remand this matter with directions to strike § 1812 because it impermissibly contains special-use zoning require-

ments that pertain to only mobile homes, contrary to MCL 125.2307(6); MSA 19.855(107)(6).[5]

Nonetheless, we decline to overturn the circuit court's decision because the agricultural zoning classification does not violate due process and does not constitute a taking, and because plaintiff's proposed use of the property is unreasonable as will be indicated.

### III. DUE PROCESS

Plaintiff first argues that China Township's zoning classification violated its substantive due process rights. We review de novo a court's ruling on a constitutional challenge to a zoning ordinance. *Scot Ventures, Inc v Hayes Twp*, 212 Mich App 530, 532; 537 NW2d 610 (1995). We give considerable weight, however, to the factual findings of the trial court. *A & B Enterprises v Madison Twp*, 197 Mich App 160, 162; 494 NW2d 761 (1992).

Ordinances are presumed to be valid and constitutional. *Gackler Land Co, Inc v Yankee Springs Twp*, 427 Mich 562, 571; 398 NW2d 393 (1986). To prevail on a substantive due process theory, a plaintiff must prove that the zoning classification advances no reasonable governmental interest. *Id.*; *Rogers v Allen Park*, 186 Mich App 33, 37; 463 NW2d 431 (1990). A plaintiff also must show "that the ordinance is an

---

[5] The dissent urges that the circuit court, on remand, strike § 1812 and then determine the reasonableness of the proposed use. The elimination of § 1812, however, does not affect the reasonableness analysis. First, plaintiff's property met the criteria of § 1812, so the reasonableness of the use was not changed by the ordinance. Second, the circuit court already has considered the proposed use and found it unreasonable on rationale apart from § 1812. Finally, because we decide that the use is unreasonable, without considering § 1812, a remand is unnecessary.

arbitrary and unreasonable restriction upon the owner's use of his property" so much so that "[i]t must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit*, and that there is no room for a legitimate difference of opinion concerning its reasonableness." *Gackler, supra* at 571 (citation omitted).

The zoning classification at issue is Article IV, §§ 15.115 - 15.123, which delineates the parameters for agricultural (AG) zoning. Section 15.120 provides:

> The intent of this district is to provide and protect those areas which are best suited for agricultural and rural residential uses. Densities are to be kept low due to generally poor soil characteristics for onsite sewage disposal and the fact that public sewer, water, and other services are not planned to be extended to these areas.

Under § 15.121, the uses permitted in AG districts include: (1) one-family detached dwellings; (2) farms and agricultural activities; (3) sales of agricultural products; (4) public parks, recreational facilities, and schools; (5) garage sales; and (6) accessory buildings and uses customarily incident to the above-mentioned uses. Special uses under § 15.122 include: (1) special uses as permitted in the residential district; (2) airports; (3) cemeteries; (4) raising of livestock and farm animals; (5) large-scale recreation; (6) kennels and animal clinics; (7) mining and extraction; (8) commercial composting facilities; (9) similar uses; and (10) accessory buildings and uses incident to the above. The AG district also regulates the minimum lot size and the maximum density permitted, § 15.123.

Plaintiff posits that the agricultural zoning classification is an unreasonable restriction on its property

because the rental of its property to farmers does not produce monies in excess of the property taxes. Plaintiff contends that the other special uses of the property, such as airports, cemeteries, kennels, and raising farm animals, likewise are unreasonable. Plaintiff also asserts that using the property as single-family residential is unreasonable because the cost to construct single-family homes far exceeds their market value.

China Township officials testified that the township denied the zoning change because the mobile-home development did not conform to the township's master plan, which was adopted in 1982.[6] Courts may consider a master plan as a general guide for future development. *Biske v Troy*, 381 Mich 611, 619; 166 NW2d 453 (1969); *Troy Campus v Troy*, 132 Mich App 441, 457; 349 NW2d 177 (1984). The property abutted agricultural zones, not residential zones, in neighboring townships. See *Schwartz v Flint*, 426 Mich 295, 328; 395 NW2d 678 (1986); *A & B Enterprises, supra* at 163. Also, the site lacked proximity to urban facilities, including schools, hospitals, and community services. The development would increase the township's number of residents by forty percent, which would increase the need for police and fire services. The township contracts with other communities for police and fire protection and does not provide police

---

[6] The dissent notes that, of five rezonings China Township has permitted since 1981, two did not conform to the master plan. We give less weight to the township's grant of those two variances than to the circumstances pertinent here: (1) that plaintiff's development would almost double the number of residents and would overburden police and fire services, (2) that the site lacked proximity to urban facilities, and (3) that the site abutted agricultural zones in other communities, not residential zones.

protection twenty-four hours a day. See *Peacock Twp v Panetta*, 81 Mich App 733, 738; 265 NW2d 810 (1978); *Rossi v Richfield Twp*, 60 Mich App 34, 36-38; 230 NW2d 553 (1975). The above reasons comprise legitimate governmental interests and constitute a reasonable exercise of police power for public health and safety. *Gackler, supra* at 570. The AG classification is a reasonable means to advance these legitimate government interests. *Rogers, supra* at 38.

Plaintiff has not shown that the ordinance is arbitrary and that it unreasonably restricts the use of its property. The stated intent for the AG zoning supports a finding that the classification is not arbitrary. The township's AG zoning is designed for areas where sewer and other services are not planned to be extended, which describes plaintiff's property. Although plaintiff contends that other special uses of its property are unreasonable, plaintiff has failed to demonstrate that the mobile-home park is a more reasonable use. Plaintiff also has not overcome the presumption of validity attached to the zoning ordinance. *Albright v City of Portage*, 188 Mich App 342, 353; 470 NW2d 657 (1991).

Plaintiff also contends that China Township's AG zoning furthers the township's illegal policy to compel developers to furnish and finance municipal water and sewer service.[7] Plaintiff argues that such a policy

---

[7] The dissent states that testimony from Julie Ann Wallace was problematic. While Ms. Wallace, the township's clerk, initially testified in her deposition that the township's policy required a developer to provide water and sewer lines, she clarified that testimony at trial, acknowledging that the township could not require those services from developers. Moreover, defense counsel admitted during oral argument that the township could not demand such services from developers. A remand thus is not required on this point.

would be contrary to MCL 333.12753; MSA 14.15(12753), which requires that structures be connected to an "available public sanitary sewer." During oral argument on appeal, defense counsel conceded that China Township had no authority to condition approval of rezoning on the developer's agreement to pay for water and sewage facilities. Because defendant admitted that it was without authority to require plaintiff to pay for implementing water and sewer services, we decline to consider this as a restriction on plaintiff's use of its property.

## IV. CONFISCATION

Plaintiff's next argument is that the current zoning constitutes a taking. To show an unconstitutional taking, a plaintiff "must show that if the ordinance is enforced the consequent restrictions on [the] property [would] preclude its use for any purpose to which it is reasonably adapted." *Gackler, supra* at 571 (citation omitted). The plaintiff must prove that the ordinance is unreasonable because it comprises an arbitrary, capricious, and unfounded exclusion of other types of valid land use from the subject area. *Rogers, supra* at 37. Mere diminution in value does not amount to taking. *Bevan v Brandon Twp*, 438 Mich 385, 402-403; 475 NW2d 37 (1991), amended 439 Mich 1202 (1991). Rather, a plaintiff who alleges that he was denied economically viable use of his land "must show that the property is either unsuitable for use as zoned or unmarketable as zoned." *Id.* at 403.

Plaintiff emphasizes that leasing its property as farmland is not economically viable. Under *Bevan*, mere diminution in value alone cannot constitute a taking. Plaintiff has not established that its property

cannot be used for other adaptable purposes. Defendant produced evidence that the property could be profitable as a subdivision of single-family housing. Plaintiff has not shown that the AG zoning precludes its use of the property for *any* purpose for which it is adapted.

During oral argument, plaintiff argued that the circuit court should not have relied on the lack of water and sewer services. Plaintiff contended that any large development would be subject to the same sewer and water considerations, but acknowledged that its intended development presented "unique circumstances" regarding those services. We agree that any large multifamily development within the township would require water and sewage services. Plaintiff ignores, however, that other property within the township might be more suited to a large development because that property might be located nearer to existing sewer and water connections. A large development on plaintiff's property, given its remote location, would demand a costly and complex solution to the existing water- and sewer-connection problem. See *Cohen v Canton Twp*, 38 Mich App 680, 684-685; 197 NW2d 101 (1972).

### V. UNLAWFUL EXCLUSION

Plaintiff submits that the zoning ordinance unlawfully excludes mobile-home parks from China Township, contrary to statute. MCL 125.297a; MSA 5.2963(27a) provides:

> A zoning ordinance or zoning decision shall not have the effect of totally prohibiting the establishment of a land use within a township in the presence of a demonstrated need for that land use within either the township or surrounding

area within the state, unless there is no location within the township where the use may be appropriately located, or the use is unlawful.

Accordingly, a zoning ordinance may not exclude completely a lawful use of the land where: (1) a demonstrated need exists for the land use in the township or surrounding area, (2) the use is appropriate for the location, and (3) the use is lawful. *English v Augusta Twp*, 204 Mich App 33, 39-40; 514 NW2d 172 (1994); *Eveline Twp v H & D Trucking Co*, 181 Mich App 25, 32; 448 NW2d 727 (1989). The criterion of lawful use is not at issue here. Regarding the first factor, notwithstanding the fact that China Township currently has no mobile-home parks, plaintiff has not produced evidence of a need for a mobile-home development. See *Fremont Twp v Greenfield*, 132 Mich App 199, 204-205; 347 NW2d 204 (1984).

Concerning the property's appropriateness, plaintiff has not shown that the use is appropriate for the location. In *English, supra*, where the court found that the township had engaged in exclusionary zoning, the developers' property was located near an existing water line and the sewer service merely needed to be upgraded. In contrast, plaintiff's property is not suitable because water and sewer services would need to be extended over several miles. *English* is distinguishable further because the township board pressured a zoning official to prevent manufactured housing within the township, which is not true here. Additionally, although the township in *English* had zoned a ninety-six-acre parcel for a manufactured-housing park, the township supervisor owned eighty of those acres and did not plan to develop them. A toxic waste landfill adjoined the

property, and a federal prison was less than one mile away. The property in *English* was clearly unsuitable for manufactured housing. In contrast, other property in China Township is more appropriate than plaintiff's property for multifamily use because it is closer to existing water and sewer services and because it is surrounded by more compatible uses.

China Township's AG ordinance does not act to exclude totally mobile-home parks and thus does not violate the Township Rural Zoning Act. *A & B Enterprises, supra* at 163; *Lerner v Bloomfield Twp*, 106 Mich App 809, 814; 308 NW2d 701 (1981). The township has other available property zoned for the development of mobile-home parks. The ordinance does not constitute exclusionary zoning. *Fremont Twp, supra* at 205.

### VI. REASONABLENESS

Plaintiff argues that its proposed use of the property is reasonable. Ordinarily, we could remand this case to the circuit court for it to determine whether plaintiff's proposed use is reasonable. Because this case was first litigated in 1990, we decline to remand it, which would delay the final outcome. Further, the circuit court's opinion reflects its view that plaintiff's proposed use is unreasonable. The court observed that the evidence showed that the AG zoning was consistent with the township's master plan. In denying plaintiff's request, the court also noted the unavailability of utilities, the remoteness of the site, the surrounding uses, and the increase in population. These

reasons support the conclusion that plaintiff's proposed use is unreasonable.[8]

On this record, we agree that the use is unreasonable. Plaintiff proposes to develop land miles away from water and sewer connections and remote from other community services such as hospitals and schools. Under these circumstances, plaintiff's use is not appropriate to the site. The property here is not "uniquely suited" for the proposed use. *Eveline Twp, supra* at 33.

The ordinance and zoning classification were in effect before plaintiff purchased the property. Thus, plaintiff assumed the risk that it would not be permitted to build over four hundred mobile-home units on land that had no practical or proximate access to public utilities and water. At most, plaintiff could only hope that the township would permit it to build despite those deficiencies. *City of Howell v Kaal*, 341 Mich 585, 590; 67 NW2d 704 (1954). Giving considerable weight to the factual findings of the circuit court, we conclude that plaintiff's property should remain zoned as agricultural.

Affirmed in part and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

M. WARSHAWSKY, J., concurred.

---

[8] The dissent's primary concerns appear to be that China Township has no existing mobile homes and has no "intention of permitting the building of mobile homes in its community." That China Township has no mobile homes does not make plaintiff's proposed use reasonable. As noted, the township has several sites zoned for multiple residential use. We trust that China Township ultimately will find a proposed mobile- home-park use to be reasonable. On the facts of this case, however, we decline to find plaintiff's proposed use reasonable.

Jansen, J. *(concurring in part and dissenting in part)*. I must respectfully dissent from the majority's affirmance of the decision of the trial court in this case. Having found that the township's zoning ordinance § 1812, which requires site specifications that apply only to mobile homes, violates MCL 125.2307(6); MSA 19.855(107)(6), the majority proceeds to affirm the decision of the trial court, finding that the zoning classification does not violate due process, does not constitute a taking, and that plaintiff's proposed use of the property is unreasonable. I agree that zoning ordinance § 1812 violates MCL 125.2307(6); MSA 19.855(107)(6) for the reasons set forth by the majority; however, I would remand to the trial court for it to reconsider whether plaintiff's proposed use of the property is unreasonable in light of the fact that zoning ordinance § 1812 must be stricken.

The trial court's findings are far too conclusory for this Court to engage in effective appellate review regarding the reasonableness issue. The trial court stated in its opinion in pertinent part:

> The Court finds from the testimony of the Township Planner and the documentary evidence that the current classification is consistent with the Master Plan, claimed deviations of which are found untenable. The unavailability of public utilities, the compatibility with surrounding uses, the remoteness of the site, and the impact of a relatively large population on township resources, the Court finds, support Defendant's denial of Plaintiff's application.

Contrary to the trial court's conclusory findings in this regard, the actions of the township do not necessarily support the finding that plaintiff's proposed use is unreasonable. This issue needs reexamination in

light of the fact that the site specifications that apply only to mobile homes have been ordered stricken.

Further, I do not find the township's reasons for denying the zoning change to be supported by the record evidence. The township contends that the proposed use does not conform to its master plan. The master plan does not provide for the potential development of mobile homes anywhere in the township. This appears to be nothing more than subterfuge to completely defeat the development of mobile homes in the township. Moreover, while the current master plan was adopted in 1981, there have been five rezonings since that time, two of which did *not* conform to the master plan. Therefore, the actions of the township indicate a clear willingness to deviate from the master plan under other circumstances, and the reliance on the master plan by the township in this case is quite dubious.

Other reasons given by the township for denying the zoning change included the claim of a lack of access to public utilities, specifically water and sewer lines. Julie Ann Wallace, the township's clerk and a member of the planning board and sewer authority, testified in her deposition that it was the board's policy to require developers to run water and sewer lines even though the planning board recognized that it could not lawfully require developers to run these lines to new developments. She then changed her testimony at trial and stated that the board "encouraged" developers to run water and sewer lines to the developments. Wallace's testimony in this regard is clearly problematic and, I believe, further indicates that the township never had any intention of permitting the building of mobile homes in its community. Such an

intention raises serious due process concerns that the zoning classification does indeed violate due process rights because it is an arbitrary and unreasonable restriction upon the owner's use of its property.

Looking at the actions and admissions of the township, the trial court's conclusion that plaintiff's proposed use of the property is unreasonable is not really supported by the record. It is not possible to determine how the trial court came to its conclusions regarding reasonableness, because it made no findings regarding credibility or how it considered the conflicting evidence. Further, because the ordinance requiring special uses relating only to mobile homes has been stricken, the reasonableness of plaintiff's proposed use should be reconsidered. See *Schwartz v City of Flint*, 426 Mich 295, 325, 330; 395 NW2d 678 (1986).

I would remand this case to the trial court for it to determine whether plaintiff's proposed use is reasonable.